```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF TEXAS
                   DALLAS DIVISION
```

BOBBY JOE ARRIOLA, JR.,          §
                                 §
            Plaintiff,           §
                                 § Civil Action No. 3:07-CV-1871-D
VS.                              §
                                 §
THE METHODIST HOSPITAL OF        §
DALLAS, CHARLTON METHODIST       §
MEDICAL CENTER,                  §
                                 §
            Defendant.           §

MEMORANDUM OPINION
AND ORDER

Defendant moves for summary judgment dismissing this employment discrimination case brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and on the basis of pendent state-law claims. Plaintiff has not responded to the motion. For the reasons that follow, the court grants the motion and dismisses this action with prejudice by judgment filed today.[1]

I

Plaintiff Bobby Joe Arriola, Jr. ("Arriola") sues defendant The Methodist Hospital of Dallas, Charlton Methodist Medical Center

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

("Methodist")[2] under Title VII and various state-law claims,[3] alleging that it discriminated against him based on his race and color and that it is liable on several state-law grounds. Arriola's allegations stem from the February 2007 suspension and termination of his employment as a police officer in Methodist's Department of Public Safety. Methodist maintains that it discharged Arriola based on his inability to accept constructive criticism from a supervisor during his probationary period and his combative and negative remarks to and about a supervisor.

Methodist filed a motion for summary judgment on January 30, 2009. Arriola's response was due no later than February 19, 2009. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 20 days from the date the motion is filed."). Arriola has not responded to the motion, and it is now ripe for decision.

II

Because Methodist does not have the burden at trial on Arriola's causes of action, it can meet its summary judgment

---

[2] Methodist asserts that it is incorrectly named in the complaint and that its correct name is "Methodist Hospitals of Dallas d/b/a Methodist Dallas Medical Center and Charlton Methodist Medical Center." The court will refer to the defendant as "Methodist."

[3] Arriola also asserts an employment discrimination claim under Chapter 21 of the Texas Labor Code, Tex. Labor Code Ann. §§ 21.001-21.556 (Vernon 2006), and claims for intentional infliction of emotional distress, libel, negligence, retaliation, slander, and wrongful termination for refusal to engage in an unlawful act.

obligation by pointing the court to the absence of evidence to support the claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In its motion, Methodist has pointed to the absence of evidence supporting each of Arriola's claims. Because Methodist has done so, Arriola must go beyond his pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). Summary judgment is mandatory where the nonmoving party fails to meet this burden. *Little*, 37 F.3d at 1076.

Arriola has not responded to Methodist's motion. His failure to respond does not, of course, permit the court to enter a "default" summary judgment. The court is permitted, however, to accept Methodist's evidence as undisputed. *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, Arriola's failure to respond means that he has not designated specific facts showing that there is a genuine issue for trial on any of his claims. "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

Because Methodist has pointed to the absence of evidence to

support essential elements of each of Arriola's claims, and Arriola has not adduced evidence that raises a genuine issue of material fact on any claim, Methodist is entitled to summary judgment in its favor on all of Arriola's claims.

*   *   *

Accordingly, Methodist's January 30, 2009 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

April 2, 2009.

SIDNEY A. FITZWATER
CHIEF JUDGE